SNIDER B. WARD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 28237.   Promulgated November 22, 1929.

*J. Walter Farrar, Esq.*, and *O. C. Phillips, Esq.*, for the petitioner.
*Arthur H. Murray, Esq.*, for the respondent.

## OPINION.

LANSDON: The petitioner seeks to deduct from his gross income the amount of $6,715, paid to a national bank of which he was a director, in the circumstances set forth in our findings of fact, as a

loss sustained in the taxable year in the operation of a trade or business and not compensated for by insurance or otherwise, as provided in section 214(a)(4) of the Revenue Act of 1921. He contends that he made the payment in question on account of his liability as a director, for bad loans made by the bank, that he received no benefits from such payment, and that no part of the same has ever been repaid to him. The Commissioner disallowed the deduction claimed on the theory that the payment was in effect an assessment on the stock of the bank owned by the petitioner and therefore must be regarded as an additional capital investment in such stock and in support of his position relies on his regulations and our decision in *Harry E. Lutz*, 2 B. T. A. 484, and *John G. Paxton*, 7 B. T. A. 92.

The Revenue Act of 1921 provides for the deduction from gross income of losses sustained in a taxable year, as follows:

SEC. 214. (a) That in computing net income [of individuals] there shall be allowed as deductions:

\* \* \* \* \* \* \*

(4) Losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in trade or business;

(5) Losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in any transaction entered into for profit, though not connected with the trade or business; \* \* \*

Since the deduction here in question is claimed as a business loss sustained in the taxable year, it can be allowed only if it comes within one or the other of the statutory provisions cited above. We have hitherto held that a director of a corporation is not engaged in the business of the corporation. *Margaret B. McLaughlin, Executrix*, 12 B. T. A. 19, and cases cited thereunder. Upon authority of that decision we conclude that the loss claimed herein was not sustained in the trade or business of the petitioner. The evidence indicates that the notes that were taken out of the bank and trusteed for the benefit of the petitioner and his fellow directors were regarded as worthless at the time of the transaction, that no collections have ever been made on such notes, and that the petitioner was aware that he was getting nothing of value in exchange for his contributions of cash and Liberty bonds. It is obvious therefore, that the purchase of the notes was not for profit. If said purchase were to protect his investment, no loss has as yet been sustained. Cf. *E. B. Stephenson*, 13 B. T. A. 311; *B. Estes Vaughan*, 17 B. T. A. 620.

Reviewed by the Board.

*Decision will be entered for the respondent.*